# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-cr-257-RFB-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| SAUL CANDELORIO GASTELLUM-SANCHEZ | |
| Defendant. | |

Pending before the Court are Defendant's motion for a sentence reduction (ECF No. 440), motion requesting court documents (ECF No. 439), and motion to dismiss counsel (ECF No. 451).

Defendant has characterized his first motion for a sentence reduction, ECF No. 440, as a motion for compassionate release under 18 U.S.C. § 3582(c). Upon review of the motion, and in light of the relief sought by Defendant, the Court finds that the motion should be recharacterized as a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct a Sentence.

However, "[w]hen presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion." United States v. Seesing, 234 F.3d 456, 463 (9th Cir. 2000).[1]

Defendant has also filed a motion to dismiss counsel. ECF No. 451. The Court appointed

---

[1] The Court notes that Defendant's second motion for a reduction of sentence is properly characterized as a motion for compassionate release under 18 U.S.C. § 3582(c). The Government responded to Defendant's motion and Defendant's reply is currently due on July 10, 2024. ECF Nos. 461, 465.

Counsel under the Criminal Justice Act 18 U.S.C. § 3006A for the purpose of assisting Defendant with his first motion for a reduction of sentence (ECF No. 440). Counsel filed a Notice of Non-Supplementation, stating that she "reviewed [Defendant's] pro-se filing as well as the relevant sentencing documents, and does not believe that any supplement is necessary." ECF No. 449. Defendant explains in his motion to dismiss counsel that he and Counsel have "opposing and conflicting views concerning the case" and wishes to proceed pro se. ECF No. 451.

In light of the foregoing,

Defendant is **THEREFORE ADVISED** that he may (1) have the motion for a sentence reduction (ECF No. 440) ruled upon as filed; (2) have the motion recharacterized as a 28 U.S.C. § 2255 and heard, but if the motion is recharacterized as such, Defendant is further advised that he will lose the ability to file second or successive 28 U.S.C. § 2255 motions absent certification from the court of appeals; or (3) withdraw his motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

Defendant is **FURTHER ADVISED** that should he choose to have the motion recharacterized as a 28 U.S.C. § 2255 motion and heard or if he chooses to withdraw his motion and file a new, all-inclusive 28 U.S.C. § 2255 motion, Defendant must show cause in writing why the motion should not be dismissed with prejudice as time barred. In this regard, Defendant is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Defendant shall file a Notice with the Court **on or before August 9, 2024**, which advises the Court how he would like to proceed.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss counsel (ECF No. 451) is **GRANTED**. The Cout does not find that an evidentiary hearing on the motion is required at this time, Counsel has not supplemented Defendant's motion, and Defendant has provided reasons for why he wishes to proceed pro se. See Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (appointment of counsel is discretionary in habeas corpus proceedings where no evidentiary

hearing required).

**IT IS FURTHER ORDERED** that Defendant's Motion for Court Documents (ECF No. 439) is **DENIED** without prejudice as premature. To obtain transcripts, Defendant must first file a new, all-inclusive § 2255 motion, or consent to the Court's recharacterization of ECF No. 440 as such. United States v. Audia, 87 F.3d 1323 (9th Cir. 1996). Subsequently, the Court will decide whether Defendant has also met the other conditions for obtaining transcripts at government expense. See 28 U.S.C. § 735(f) (district court must certify that § 2255 motion is not frivolous, and that transcript is needed to decide issue presented by motion).

The Clerk of Court is kindly instructed to mail a copy of this order to the Defendant.

**DATED**: June 20, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**