1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:13-cr-00257-RFB-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| SAUL CANDELORIO GASTELLUM-SANCHEZ, | |
| Defendant. | |

14    Before the Court is Defendant Saul Candelorio Gastellum-Sanchez's motion styled as a

15    "Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) Reduction in Sentence, and Memorandum of

16    Points and Authorities in Support of Petition" (ECF No. 440). For the reasons stated below, the

17    motion is denied.

18    On May 27, 2014, Mr. Gastellum-Sanchez entered into a Plea Agreement. ECF No. 128.

19    Pursuant to this plea, on October 10, 2014, presiding Judge Lloyd George adjudicated Mr.

20    Gastellum-Sanchez guilty of conspiring to distribute methamphetamine (count 1),[1] possessing the

21    methamphetamine with intent to distribute (count 15),[2] possessing a firearm during and in relation

22    to a drug trafficking offense (count 17),[3] reentering the country unlawfully after deportation (count

23    19),[4] and conspiring to commit money laundering (count 20).[5] ECF No. 165. The Court sentenced

24    Mr. Gastellum-Sanchez to 120 months, running concurrently, for each count beyond Count 17, for

25    which he was sentenced to 60 months running consecutively to the other counts. Id.

26

27    [1] In violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(viii).
    [2] In violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

28    [3] In violation of 18 U.S.C. § 924(c).
    [4] In violation of 8 U.S.C. § 1326.
    [5] In violation of 18 U.S.C. §§ 1956(h), (a)(1)(B)(1)

On April 4, 2022, Mr. Gastellum-Sanchez filed the instant motion for a sentence reduction. ECF No. 440. In the motion, he argues shifts in the legal landscape warrant a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Federal law permits a district court to modify a sentence under certain conditions pursuant to 18 U.S.C. §3582(c)(1)(A). Specifically, a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Once a motion has been filed, a court may modify a sentence "after considering the factors set forth in section 3553(a)[6] to the extent that they are applicable" and if the court finds "extraordinary and compelling reasons warrant such a reduction." Id. at §3582(c)(1)(A)(i).

As a preliminary matter, the government urges the Court to construe the motion as a motion to vacate sentence under 28 U.S.C. § 2255. In the original motion, Mr. Gastellum-Sanchez is clear that he intended both to bring a motion for a reduction in sentence and that he was not making a claim under § 2255. Indeed, Mr. Gastellum-Sanchez declined an invitation from the Court to have the motion construed as a § 2255 motion. Courts are "specifically directed to construe *pro se* pleadings liberally" and "[t]his duty applies equally to *pro se* motions and with special force to filings from *pro se* inmates." United States v. Qazi, 975 F.3d 989, 993 (9th Cir. 2020) (internal citations and quotation marks omitted). Here the *pro se* motion is clear regarding its intended form, its contents conform to that form, and construing it otherwise would not provide a valid claim upon which the litigant could prevail. See United States v. Seesing, 234 F.3d 456, 463 ("[W]e have occasionally characterized *pro se* prisoner motions as motions under 28 U.S.C. § 2255 . . . . The rule of liberal construction and its application to [§ 2255] motions is for the benefit of the *pro se* prisoner; its rationale loses validity where it is invoked to the prisoner's disadvantage.); Ross v. Williams, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) ("The obligation to construe pro se filings liberally means courts must frequently look to the contents of a pro se filing rather than its form."). Therefore, the Court declines to construe the motion as a motion to vacate sentence under 28

---

[6] This section details the factors that a court must consider when imposing a sentence, for example, the nature and circumstances of the offense and the history and characteristics of the defendant. See 18 U.S.C. § 3553(a).

1    U.S.C. § 2255.

2         Next, the Court considers each of Mr. Gastellum-Sanchez's arguments. For the reasons

3    below, the Court finds that neither the § 3553(a) factors nor extraordinary and compelling reasons

4    warrant a reduction in sentence.

5         First, Mr. Gastellum-Sanchez argues that the Court should extend to his case the logic of

6    Perez v. United States, 5 F.4th 390 (3d Cir. 2021). Perez held that physical proximity between

7    drugs and guns was not enough to justify a sentence increase under the United States Sentencing

8    Guidelines ("U.S.S.G.") § 2K2.1(b)(6)(B). See U.S.S.G. § 2K2.1(b)(6)(B) (requiring a four-level

9    sentencing enhancement in cases where a defendant "used or possessed any firearm . . . in

10   connection with another felony offense."); id. at § 2K2.1, cmt. n.14 (applying the enhancement

11   where "the firearm . . . facilitated, or had the potential of facilitating, another felony offence.").

12        While Mr. Gastellum-Sanchez was convicted of drug trafficking and unlawful possession

13   of a firearm, the § 2K2.1(b)(6)(B) enhancement was not applied in his case. See Plea Agreement

14   (May 27, 2014), ECF No. 128 (listing the relevant U.S.S.G. provisions used to calculate the total

15   offense level); Transcript of Proceedings (October 6, 2014), ECF No. 447 (recording Judge George

16   adopting the parties' offense level calculation). To the extent that Mr. Gastellum-Sanchez argues

17   that the logic of Perez should be transplanted from the § 2K2.1(b)(6)(B) to the context of the

18   criminal statutes under which he was convicted, the Court finds that argument does not represent

19   the kind of extraordinary and compelling circumstances required for § 3582(c)(1)(A).

20        Second, Gastellum-Sanchez argues that the Supreme Court's decision in United States v.

21   Davis, 588 U.S. 445 (2019) (holding the § 924(c) residual clause is unconstitutionally vague) and

22   similar cases provide a basis for resentencing. Mr. Gastellum-Sanchez was convicted under

23   § 924(c). However, a conviction under § 924(c) can be predicated on either a "crime of violence"

24   or a "drug trafficking crime." See 18 U.S.C. § 924(c). Davis only applies to the definition of a

25   "crime of violence," 588 U.S. at 448, and the predicate crime for Mr. Gastellum-Sanchez's

26   § 924(c) was drug trafficking. See Judgement (October 6, 2014), ECF No. 165 (noting a conviction

27   for "possession of a firearm during and in relation to a *drug trafficking crime*") (emphasis added).

28   Therefore, the Court finds that Mr. Gastellum-Sanchez's arguments related to the construction of

§ 924(c) unavailing.

Third, the Court understands Mr. Gastellum-Sanchez to argue that his § 924(c) conviction could not be supported by his admissions that he "knowingly possessed" multiple firearms "during and in relation to his possessing . . . methamphetamine with the intent to distribute it to another." However, as detailed above, the predicate crime Mr. Gastellum-Sanchez's § 924(c) conviction was based upon was drug trafficking not a crime of violence. Therefore, the Court finds his final argument does not establish the kind of extraordinary and compelling circumstances required for resentencing under § 3582(c)(1)(A).

Therefore, **IT IS ORDERED** that Defendant Saul Candelorio Gastellum-Sanchez's motion (ECF No. 440) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to mail a copy of this Order to the Defendant.

**DATED**: April 14, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -